IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED: October 17, 2013 |
| ADRIAN PALMER | : | VIOLATIONS: 18 U.S.C. § 371 (conspiracy - 1 count); 18 U.S.C. § 1591(a) (sex trafficking of a minor- 1 count) 18 U.S.C. § 1594(a) (attempted sex trafficking of a minor – 1 count) 18 U.S.C. § 2 (aiding and abetting) Notice of forfeiture |

### INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. Between on or about June 1, 2012, and on or about August 29, 2013, in the Eastern District of Pennsylvania, defendant

**ADRIAN PALMER**

conspired and agreed, together with others known and unknown to the grand jury, to commit an offense against the United States, that is, to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain a person, and to benefit financially and to receive things of value from such a venture, knowing, and in reckless disregard of the fact, that the person had not attained the age of 18 years and would be cause to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)

.

**MANNER AND MEANS**

2.	At all times material to the indictment, defendant ADRIAN PALMER was a security guard at the Days Inn, 4200 Roosevelt Boulevard, Philadelphia, PA (the "Days Inn").

3.	It was part of the conspiracy that defendant ADRIAN PALMER provided protection and assistance to sex traffickers operating at the Days Inn in exchange for a daily fee.

4.	Craig Johnson, indicted elsewhere, was the operator of a sex trafficking venture in Philadelphia, Pennsylvania. As part of this venture, Craig Johnson recruited young females to work as prostitutes in his business at the Days Inn. Two of the females whom he recruited and who worked for him at the Days Inn, Minor 1 and Minor 2, whose names are known to the grand jury, were under the age of 18 years.

5.	Confidential Witness #1 ("CW1") was posing as a person seeking to engage in the sex trafficking of (fictitious) minors at the Days Inn.

**OVERT ACTS**

In furtherance of the conspiracy, defendant ADRIAN PALMER, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania:

1.	Between on or about June 1, 2012, through on or about June 14, 2012, Craig Johnson provided daily payments of between $60 and $100 to defendant ADRIAN PALMER.

2.	In exchange for these payments, defendant ADRIAN PALMER provided Craig Johnson with advice about Johnson's sex trafficking organization, including Johnson's Backpage.com advertisements, provided Johnson with clients for Johnson's sex trafficking business, and provided protection for Craig Johnson so that law enforcement authorities would not be alerted to Craig Johnson's sex trafficking operation.

    3. On or about August 22, 2013, defendant ADRIAN PALMER agreed with confidential witness #1 ("CW1") to make arrangements for CW1 to reside at and discretely engage in the sex trafficking of (fictitious) minors ages 16 and 17 at the Days Inn and to ensure that CW1 would not be apprehended by law enforcement.

    4. On or about August 29, 2013, defendant ADRIAN PALMER accepted $100 from CW1 in exchange for providing him with protection from law enforcement in order for CW1 to engage in the sex trafficking of a (fictitious) 16-year-old minor.

    All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

  1. The allegations of Paragraphs 1 through 5 of Count One are incorporated by reference.

  2. Between on or about June 1, 2012, through on or about June 14, 2012, in the Eastern District of Pennsylvania, defendant

### ADRIAN PALMER

in and affecting interstate commerce, knowingly benefitted financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of Minor 1 and Minor 2, whose identities are known to the grand jury, and attempted to do so, and aided and abetted the same. At the time that defendant ADRIAN PALMER did this, he knew, and acted in reckless disregard of the fact, that Minor 1 and Minor 2 had not attained the age of 18 years and that Minor 1 and Minor 2 would be caused to engage in commercial sex acts.

  In violation of Title 18, United States Code, Sections 1591 and 1594(a) and 2.

**COUNT THREE**

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      The allegations of Paragraphs 1 through 5 of Count One are incorporated by reference.

      2.      Between on or about August 22, 2013, through on or about August 29, 2013, in the Eastern District of Pennsylvania, defendant

**ADRIAN PALMER**

in and affecting interstate commerce, knowingly attempted to benefit financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of a minor, and attempted to do so, and aided and abetted the same.   At the time that defendant ADRIAN PALMER did this, he knew and acted in reckless disregard of the fact that the minor had not attained the age of 18 years and that the minor would be caused to engage in a commercial sex act.

      In violation of Title 18, United States Code, Sections 1594(a) and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

  1. As a result of the violations of Title 18, United States Code, Sections 371 and 1591, set forth in this Indictment, defendant

**ADRIAN PALMER**

shall forfeit to the United States of America:

    (a) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such violation; and

    (b) any property, real or personal, used or intended to be used to commit or to promote the commission of such violation.

  2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and 1594(d) and (e), and Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

**FOREPERSON**

**ZANE DAVID MEMEGER**
**United States Attorney**